**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCUS L. HARRISON, | No. 08-17175 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-00959-SI |
| v. | |
| J. SAMPLE, Officer, | MEMORANDUM [*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted December 15, 2009[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

California state prisoner Marcus L. Harrison appeals pro se from the district

court's summary judgment in favor of defendant in Harrison's 42 U.S.C. § 1983

action alleging that defendant, a corrections officer, was deliberately indifferent to

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Harrison's serious medical needs in violation of the Eighth Amendment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's summary judgment. *Conn v. City of Reno*, 572 F.3d 1047, 1054 (9th Cir. 2009). We reverse and remand for further proceedings.

Viewing the record in the light most favorable to Harrison, a genuine dispute exists as to whether defendant was subjectively aware that Harrison was suffering from a medical emergency and responded adequately. *See Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006). Harrison offered evidence that he expressly told defendant that he was experiencing a medical emergency due to his asthma, and that defendant responded by telling Harrison he would have to wait until rounds to receive his inhaler. Harrison also offered evidence that his fellow inmates informed defendant that Harrison was experiencing a medical emergency, and that defendant responded by "waiving off" their pleas for assistance and slamming shut the window to the control booth. Because, cumulatively, this evidence creates a triable issue of fact as to whether defendant was deliberately indifferent, summary judgment on Harrison's Eighth Amendment claim was inappropriate. *See Conn*, 572 F.3d at 1057–58.

A genuine dispute also exists as to whether Sample is entitled to qualified immunity. As discussed above, there is a triable issue as to whether defendant's

2

actions violated the Constitution. Furthermore, it would be clear to a reasonable officer that delaying access to medical treatment in a medical emergency is unlawful. *See Clement v. Gomez*, 298 F.3d 898, 906 (9th Cir. 2002) (holding that by 1995 "it was . . . clearly established that [an] officer[] could not intentionally deny or delay access to medical care"). Therefore, the district court erred in granting summary judgment based on qualified immunity.

Because we reverse the district court's summary judgment, Harrison's challenge to the denial of his motion to reconsider, his motion to supplement the record on appeal, and defendant's motion to strike are moot. *See Swirsky v. Carey*, 376 F.3d 841, 853 n.24 (9th Cir. 2004).

**REVERSED AND REMANDED.**